■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREENA K. WARD, Appellant. [604 NYS2d 320] —Crew III, J. P. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered January 24, 1992, convicting defendant upon her plea of guilty of the crime of murder in the second degree, burglary in the first degree and robbery in the first degree. On August 9, 1990 the body of Ruth MacNary was found at the Methodist Church Camp in the Town of Sand Lake, Rensselaer County. On September 5, 1990 defendant went to the home of Michael Collins, the pastor of the Baptist Church that defendant attended, and told him that she had killed MacNary. When defendant left Collins' home, Collins telephoned the police and advised them of his conversation with defendant. Based upon that information, the police apprehended defendant, obtained a confession and charged her with murder. Defendant was thereafter convicted of, *inter alia*, murder in the second degree and sentenced to an indeterminate term of imprisonment of not less than 22 years nor more than her natural life.

On this appeal defendant contends that her warrantless arrest was unlawful because it was predicated upon the unauthorized disclosure of a confidential communication *(see,* CPLR 4505) and that her confession made thereafter must be suppressed as the "fruit of the poisonous tree". We disagree. The "clergyman-penitent" privilege is an evidentiary rule proscribing the revelation of privileged communications at a trial when the privilege is asserted by the protected party *(see,* Bender, New York Evidence § 12.01 *et seq.).* Here, revelation of defendant's confession to the police provided probable cause for her arrest and subsequent prosecution.

Cardona, White, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed.